## IRA HAGGERTY v. THE CENTRAL RAILROAD COMPANY.

1. Where death ensues to a party by the wrongful act or default of another, and the deceased leaves no widow him surviving, an action may be maintained under our statute by the personal representatives of the deceased, for the benefit of the next of kin.

2. The act is in its highest sense remedial, and is entitled to receive the liberal construction which appertains to such statutes. It should not be restricted to cases where the deceased leaves a widow.

The action was brought by a father against the defendants, to recover damages for the loss of his son, who was killed on the New Jersey Central Railroad, at the time and under the circumstances set forth in the case of *Harrison, adm'r, &c.,* v. *The same defendants,* see *ante, p.* 293. A demurrer was filed, and the question raised was, whether the action was maintainable, and whether it could be maintained by the father of the deceased as next of kin.

For the plaintiff, *J. F. Dumont* and *D. A. Depue.*

For the defendant, *Attorney General.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This case, in most of its features, is identical with that of Harrison against the same defendants, in which judgment was given in favor of the plaintiff, at the present term. The only essential point in which the two actions differ is in the circumstance that, in the present instance, the suit is brought by the father of the deceased, who was killed by casualty on the road of the defendants, for his own benefit as next of kin, whereas, in the other case, it appeared there was a widow as well as next of kin who would be entitled to the avails of the suit.

The action is founded on the statute giving the right to sue for damages where the death of any person is caused by wrongful act, neglect, or default. *Nix. Dig.* 211.* Upon an

*Rev., p.* 294.

examination of the act, it will be perceived that a general liability to a suit is imposed upon any person, natural or artificial, whose wrongful act, neglect or default, causes the death of another, in all cases in which such misfeasance would have entitled the party injured to maintain an action and recover damages, if death had not ensued. This general provision is contained in the first section of the act, and in the second section it is directed that the action is to be brought in the name of the personal representative of the deceased person, after which follows a declaration that the amount recovered shall be " for the exclusive benefit of the widow and next of kin of such deceased," in the proportions provided by law in relation to the distribution of personal property left by persons dying intestate. The same section also directs that the jury " may give such damages as they shall deem fair and just, with reference to the pecuniary injury resulting from such death, to the wife and next of kin of such deceased person."

The doubt suggested in the present case is, whether the action will lie at all when the party killed does not leave a widow him surviving.

This construction would be a very narrow one. The design of the act cannot be mistaken. It is entirely and in the highest sense remedial in its nature. Its object was to abolish the harsh and technical rule of the common law— *actio personalis moritur cum persona*. The rule had nothing but prescriptive authority to support it; it was a defect in the law, and this statute was designed to remove that defect. It is, therefore, entitled to receive the liberal construction which appertains to remedial statutes. The mischief to be redressed was the non-existence of a remedy for an admitted wrong. It is clearly, therefore, the duty of the court to advance the remedy—which most certainly would not be done by refusing to sustain the present suit. If the injury arising from a wrong occasioning death is actionable, only when the victim of the wrong leaves a widow, it follows that the defect in the old law is but partly corrected. In reason

and upon every principle of justice, the remedy ought to be extended to the surviving children, father, or other next of kin.

But again: regarding the statute intrinsically, and without regard to the general principles of construction, in my view it is clear, that the restriction contended for was not contemplated by the legislature. The object of the provision directing the proceeds of the suit to go to the window and next of kin, is apparent. The intent was simply to exclude creditors from this fund. That is its entire scope, and if expunged, it would have no other effect than that of admitting creditors; for if there were no intervening creditors the distribution would be the same without the clause as with it. It seems to me that beyond this purpose of preserving the avails of the action from the grasp of creditors, the provision was not intended to operate.

This objection not being well taken, there must be, as in the case of Harrison, a judgment against the demurrant.