## KAVANAGH v. FOLSOM.

### (Circuit Court, S. D. New York. May 16, 1910.)

LIMITATION OF ACTIONS (§ 114*)—SUSPENSION OF STATUTE—EFFECT.

Where a statute imposing a liability for wrongful death provides for suit to enforce the same within a specified time, such limitation operates on the liability, and not on the remedy alone; and hence suit must be brought within that time, regardless of other statutes suspending the operation of the statutes of limitation.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 524; Dec. Dig. § 114.*]

At Law. Action by Mary R. Kavanagh, as administratrix, etc., against George W. Folsom, committee. Demurrer to complaint. Sustained.

John Delahunty, for plaintiff.

Bertrand L. Pettigrew, for defendant.

NOYES, Circuit Judge. This is an action to recover damages for the death of the plaintiff's intestate, based upon the New York statute permitting a recovery in such causes. It appears from the complaint that the action was not brought within the two years limited by such statute for the commencement of the action. The defendant demurs upon the ground that no cause of action is stated.

When a statute, like the one upon which the complaint is based, creates a liability provided the suit for its enforcement is brought within a prescribed time, the time fixed operates as a limitation of the liability itself, and not of the remedy alone. A condition of the right to sue at all is that the action be brought within the stated time. The statutory provision is not a mere statute of limitation, and consequently the provisions of other New York statutes suspending the operation of statutes of limitation are inapplicable. As this complaint fails to state that it was brought within the time prescribed by the statute upon which it is based, it fails to state a cause of action.

Demurrer sustained, with costs.