BURTON J. CROSBY, administrator, *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Middlesex.    March 15, 1921. — May 28, 1921.

Present: RUGG, C. J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Negligence,* Causing death. *Death. Actionable Tort. Pleading, Civil,* Answer.

In St. 1906, c. 463, Part I, § 63, as amended by Sts. 1907, c. 392; 1912, c. 354 (see now G. L. c. 229, § 3), which fixed upon street railway companies a liability, not existing at common law, for causing death through negligence, the provision that the damages growing out of such liability " shall be recovered in an action of tort, begun within one year after the injury which caused the death," is a condition precedent to the existence of the cause of action and not a limitation upon the exercise of an existing right.

The fact, that an action under the statute above described was not " begun within one year after the injury which caused the death," may be relied on in defence to such an action although the answer contains merely a general denial.

TORT by the administrator of the estate of Judson B. Crosby, with a declaration in four counts, of which only the first, a count for the causing of the death of the plaintiff's intestate on April 6, 1919, is material.    Writ dated May 13, 1920.

The answer contained only a general denial and an allegation that, at the time or times mentioned in the declaration, " the plaintiff was not in exercise of due care."

In the Superior Court the action was tried before *Aiken,* C. J.

Material evidence and rulings by the Chief Justice are described in the opinion. There was a verdict for the plaintiff on the first count in the sum of $5,000; and the defendant alleged exceptions.

*F. Ranney,* (*T. Allen, Jr.,* with him,) for the defendant.

*J. J. Conway,* (*C. T. Cottrell* with him,) for the plaintiff, contended that St. 1906, c. 463, Part I, § 63, as amended by Sts. 1907, c. 392; 1912, c. 354; "being remedial, should be liberally construed in favor of those to whom the right of action is given, and is merely a statute of limitation affecting the remedy. It must be pleaded in the answer in order to be availed of as a ground of defence, and a general denial such as was filed in this case was not sufficient."

PIERCE, J. This is an action of tort to recover for the death of the intestate, which came about under conditions warranting a finding of the due care of the intestate and the negligence of the defendant. The intestate was struck by a car of the defendant while crossing Belmont Street in Cambridge, on Sunday, April 6, 1919, and as the direct result of his injuries then sustained he died the same day. The writ in this action was dated May 13, 1920, was served upon the defendant on May 15, 1920, and was entered in the Superior Court on the first Monday of June, 1920. At the close of the evidence the defendant moved in writing that a verdict be ordered for the defendant upon count one (the death count) of the plaintiff's declaration. The motion was denied and the defendant duly excepted. At the same time, the defendant submitted written requests for rulings, among them, " 1. That the plaintiff cannot recover for the death of his intestate . . . since suit was not begun within one year after the injury which caused the death." The ruling was refused and the defendant duly excepted. At the close of the charge, the request to give the above ruling was again presented and denied; the case was submitted to the jury, who returned a verdict for the plaintiff.

The right to maintain an action for death did not exist at common law. The remedy is one of statute, that against street railways having its origin in St. 1886, c. 140, which is embodied in R. L. c. 111, § 267, as amended by St. 1906, c. 463, Part I, § 63, St. 1907, c. 392, St. 1912, c. 354 (see now G. L. c. 229, § 3). *Brooks* v. *Fitchburg & Leominster Street Railway,* 200 Mass. 8. The statute giving a remedy in tort for damages for loss of life

by the negligence of street railways (St. 1886, c. 140) provides, as does R. L. c. 111, § 267, as amended by St. 1907, c. 392, that " the corporation shall be liable in damages not exceeding . . . nor less than . . . dollars, to be assessed with reference to the degree of culpability of said corporation or of its servants or agents, and to be recovered in an action of tort commenced within one year from the injury causing the death." As there was no existing statutory or common law right in the personal representative or next of kin to damages for the death of a person killed through the negligence of a street railway company before the passage of St. 1886, c. 140, the limitation of time set by the statute within which the action must be commenced is a limitation upon the exercise of the right itself, and not upon the exercise of an existing right. In every case where a right is given by statute coupled with a requirement that an action to enforce it shall be commenced within a stated period, " Time has been made of the essence of the right, and the right is lost if the time is disregarded. The liability and the remedy are created by the same statutes, and the limitations of the remedy are, therefore, to be treated as limitations of the right." *The Harrisburg,* 119 U. S. 199, 214. *Munos* v. *Southern Pacific Co.* 2 C. C. A. 163. *Eastwood* v. *Kennedy,* 44 Md. 563. *Pittsburg, Cincinnati & St. Louis Railway* v. *Hine,* 25 Ohio St. 629. *Theroux* v. *Northern Pacific Railway,* 12 C. C. A. 52, 53.

It follows that the motion to direct a verdict for the defendant on count one of the declaration should have been given; and it may now be entered under G. L. c. 231, § 122.

*So ordered.*