STATE OF MARYLAND, for the use of Tillie
Stasciewicz, *vs.* BESSIE L. PARKS.

*Action for Wrongful Death—Restriction as to Time.*

Code, art. 67, sec. 2, requiring suits for wrongful death to be
brought within twelve months after the death of the deceased,
is a condition precedent to the right to maintain the action,
and not a mere limitation of the remedy, and consequently a
declaration which discloses on its face that the suit was not
brought within twelve months is bad on demurrer.

*Decided June 11th, 1925.*

Appeal from the Court of Common Pleas (Symington,
J.).

Action by the State of Maryland, for the use of Tillie
Stasciewicz, and others, against Bessie L. Parks. From a
judgment for defendant on demurrer to the declaration,
plaintiffs appeal. Affirmed.

The cause was argued before Bond, C. J., Urner, Adkins,
Offutt, Parks, and Walsh, JJ.

*B. Harris Henderson,* for the appellant.

*J. Kemp Bartlett, Jr.,* with whom were *Bartlett, Poe &
Claggett* on the brief, for the appellee.

Walsh, J., delivered the opinion of the Court.

The question raised by this appeal is whether the provi-
sion of article 67 of the Code (commonly called "Lord Camp-
bell's Act") that "every such action shall be commenced
within twelve calendar months after the death of the de-
ceased person," is a condition essential to the right to main-

tain the action given by the statute, or is merely a limitation of the remedy which must be pleaded to defeat the action.

The declaration in this case was filed on June 2nd, 1924, and it alleges that Peter Stasciewicz, the deceased husband and father respectively of the equitable plaintiffs, was injured on September 10th, 1922, by the negligent operation of the defendant's automobile, and that as a result of these injuries he died three days later. The defendant filed the general issue plea on July 18th, 1924, and thereafter, on January 22nd, 1925, she filed a petition asking leave to withdraw the general issue plea and to file a demurrer, and on the same day an order of court authorizing this was passed. On the following day a demurrer was filed raising the defense that the declaration was bad, because it showed on its face that it was brought under the provisions of article 67 of the Code, and it also showed that the suit was not commenced until more than twelve months after the death of the said Peter Stasciewicz, and on the same day the plaintiff filed a motion that the demurrer be not received. On January 27th, 1925, the learned court below overruled the motion of *ne recipiatur,* and sustained the demurrer, and from this action the plaintiff appeals.

During the argument before this Court counsel for the plaintiff conceded that the overruling of the motion of *ne recipiatur* was within the discretion of the trial court, so that the only point to be determined by us is whether or not the court's action in sustaining the demurrer was correct. At common law no recovery could be had for the negligent killing of a person, and to remedy this situation the Statute of 9 and 10 Victoria, ch. 93 (Lord Campbell's Act), was passed in England in 1846, under the terms of which certain designated relatives of the deceased person were given a right of action for his wrongful killing. Six years later the General Assembly of Maryland passed a similar statute, chapter 299 of the Acts of 1852 (now codified as article 67 of the Code), and statutes of the same import now exist in practically all

of the States of the Union. Section 2 of the Maryland act reads as follows:

> "Every such action shall be for the benefit of the wife, husband, parent and child of the person whose death shall have been so caused and shall be brought by and in the name of the State of Maryland for the use of the person entitled to damages; and in every such action the jury may give such damages as they may think proportioned to the injury resulting from such death to the parties respectively for whom and for whose benefit such action shall be brought, and the amount so recovered, after deducting the costs not recovered from the defendant, shall be divided amongst the above-mentioned parties, in such shares as the jury by their verdict shall find and direct; provided, that not more than one action shall lie for and in respect of the same subject-matter of complaint; and that every such action shall be commenced within twelve calendar months after the death of the deceased person."

The plaintiff contends that the last requirement of this section that "every such action shall be commenced within twelve calendar months after the death of the deceased person," is merely a limitation on the time within which the action should be brought, and as such can only be availed of by a plea of limitations, while the defendant insists that the provision is one of the essential elements of the action, and that a declaration which shows on its face that the action was not brought within the prescribed time is bad on demurrer. This question has not, so far as we are advised, been passed upon in this State. However, it has been decided that chapter 299 of the Acts of 1852 created a new cause of action in this State. In *Tucker v. State etc.,* 89 Md. 479, this Court, in speaking of that statute, said:

"The injury for which the equitable plaintiffs are compensated is the pecuniary loss sustained by reason of the death of the person through the wrongful act, neglect or default of the defendant. The statute, therefore, properly

speaking, was not passed, as is sometimes said of it, to remove the operation of the common law maxim, *actio personalis moritur cum persona,* as it has not undertaken to keep alive an action which would otherwise die with the person, but, on the contrary, has created a new cause of action for something for which the deceased person never had, and never could have had, the right to sue—that is to say the injury resulting from his death." See also *Stewart v. United Elec. L. & P. Co.,* 104 Md. 332, 341.

And since the statute created a new cause of action in Maryland, it would seem to be obvious that if a plaintiff sets out facts which place the claim beyond the terms of the statute, his declaration will be bad on demurrer.

In most jurisdictions the courts have held that all the provisions of these statutes, including that fixing the time within which the action must be brought, are essential to the maintenance of the suit. The rule regarding the time requirement was thus stated by the Supreme Court in the case of *"The Harrisburg,"* 119 U. S. 199: "The statutes create a new legal liability, with the right to suit for its enforcement, provided the suit is brought within twelve months, and not otherwise. The time within which the suit must be brought operates as a limitation of the liability itself as created, and not of the remedy alone. It is a condition attached to the right to sue at all. * * * Time has been made of the essence of the right and the right is lost if the time is disregarded. The liability and the remedy are created by the same statutes, and the limitations of the remedy are, therefore, to be treated as limitations of the right."

And substantially the same construction has been placed upon similar statutes in the following cases: *Partee v. St. Louis & S. F. R. Co.,* 204 Fed. 970; *B. & M. R. R. Co. v. Hurd,* 108 Fed. 116; *Stern v. La Compagnie Generale Transatlantique,* 110 Fed. 996; *Kavanaugh v. Folsom,* 181 Fed. 401; *L. & N. R. R. Co. v. Chamblee,* 171 Ala. 189; *Rodman v. Mo. Pac. Ry. Co.,* 65 Kan. 645; *Winifred Bros. v. Rutland R. Co.,* 71 Vt. 48; *Pittsburg, C. & St. L. Ry. Co. v.*

*Hine,* 25 Ohio St. 629; *Dennis v. R. R. Co.,* 70 S. C. 254; *George, Admr., v. C., M. & St. Paul Ry. Co.,* 51 Wis. 603; *Hanna, Admr., v. Jeffersonville R. R. Co.,* 32 Ind. 113; *Foster v. Yazoo etc. R. R. Co.,* 72 Miss. 886; *Murphy v. C., M. & St. Paul Ry. Co.,* 80 Iowa, 26; *Lambert v. Ensign Mfg. Co.,* 42 W. Va. 813; *Radezky v. Sargent & Co.,* 77 Conn. 110; *Kerley v. Hoehman,* 74 Okla. 299; *Martin v. Pittsburg Ry. Co.,* 227 Pa. 18; *Taylor v. Cranberry Iron Co.,* 94 N. C. 525; *Poff v. N. E. Telegraph & Telephone Co.,* 72 N. H. 164; *Dowell v. Cox,* 108 Va. 460; *Kirton v. Atlantic Coast Line Co.,* 57 Fla. 79; *Anthony v. St. L., I. M. & S. R. Co.,* 108 Ark. 219; *Barker v. Hannibal etc. R. Co.,* 91 Mo. 86. And see also *Tiffany, Death by Wrongful Act,* sec. 121; *Am. & Eng. Ency. of Law* (2nd ed.), vol. 7, page 875; 8 *R. C. L.* 801 (sec. 80); 48 *L. R. A.* 639, note; 18 *C. J.* 1235.

While, as we noted above, this Court has not heretofore construed the time provision of the Maryland "Lord Campbell's Act," that very provision was before the Federal District Court for the Southern District of New York in the case of *Swanson v. Atlantic, Gulf & Pacific Co.,* 156 Fed. 977, and the court in its opinion, after quoting the Maryland statute, said: "The right of recovery in a case of this kind is altogether dependent upon statute * * *, and the failure of the libellant to bring his action within the limited time operates as a complete bar, notwithstanding the respondent had no place of business in the State of Maryland. Speaking for the Circuit Court of Appeals, Judge Wallace, in an action brought upon a New Jersey statute (*International Nav. Company v. Lindstrom,* 123 Fed. 475), said: 'As the statute creates a new liability with a right to its enforcement, provided an action is brought within twelve months, the time is made of the essence of the right, and a federal court sitting in New York must treat it as such, and not as an ordinary statute of limitations.' "

While this decision is not binding upon us, it is certainly

entitled to our consideration, and its force is strengthened by the fact that it is undoubtedly in accord with the general trend of the authorities. See cases cited, *supra.* It is also held, in most jurisdictions which adopt the view just discussed, that where the declaration shows on its face that the action was not commenced within the time provided by the statute, the defendant may raise this defense by demurrer. *Lambert v. Ensign Co., supra; Radezky v. Sargent & Co., supra; Hill v. New Haven,* 37 Vt. 501, 511, 88 Am. Dec. 613; *Bretthauer v. Jacobson,* 79 N. J. L. 223; *George, Admr., v. C., M. & St. Paul Ry. Co., supra; Hanna, Admr., v. Jeffersonville R. R. Co., supra;* 8 R. C. L. 807, par. 85; 26 *L. R. A.* (*N. S.*) 1221, note; 19 *Ann. Cases,* 819, note.

The views just expressed are not only supported by the great weight of authority, but, in our opinion, they are also supported by the better reason.

The only contrary decisions of courts of last resort, which the diligence of counsel and our own labors have been able to discover, are those of *Wall v. C. & O. R. Co.,* 200 Ill. 66; *Chiles v. Drake,* 2 Metc. (Ky.) 146, and *Sharrow v. Inland Lines, Ltd.,* 214 N. Y. 101, and we do not find the opinions in these cases persuasive. No authorities are cited in support of the views expressed in the Illinois and Kentucky cases, and in the New York case the court rests its decision almost entirely on the legislative change which omitted the word "provided" from the statute, and placed the time limitation in a separate sentence unconnected with the other provisions of the statute. There was also a dissenting opinion filed in this case by Judge Chase, and concurred in by Judge Collins.

We accordingly hold that the provision in section 2 of article 67 of the Maryland Code, requiring suits for wrongful death to be brought within twelve months after the death of the deceased person, is a condition precedent to the right to maintain the action, and that a declaration which discloses on its face that the suit was not brought within twelve months is bad on demurrer.

Counsel for the plaintiff argued that a difference of one word between section 2 of the original Maryland Act of 1852, and the present Code provision, justifies the plaintiff's construction.

The conclusion of section 2 of the original act read as follows: *"Provided always,* that not more than one action shall lie for and in respect of the same subject-matter of complaint; and that every such action shall be commenced within twelve calendar months after the death of the deceased person." The same part of the present Code provision omits the word "always," and it is contended that this omission evidences a legislative intent to render the provision as to time merely a limitation. It is difficult to see the logic of this. The important word is not "always," but "provided," and while the omission of the former may lessen in some degree the emphasis placed on the latter, it in no way changes its meaning. The statute gives a new cause of action, "provided" the action is commenced within twelve months. There are no exceptions in the statute, and as the word "provided," standing without limitation, means the same as "provided always," it would seem to be clear that the dropping of the word "always" by the codifier has no real significance.

Nor do we find any merit in the argument that in many of the cases cited in support of the majority rule the statutes involved were different from the Maryland statute. We have examined a great many of the statutes in other states, and while small differences in phraseology occur in expressing the provision now under discussion, these variations are in most instances too slight to warrant making any substantial difference in the meaning and interpretation of the provision. The courts have not been astute in trying to find ways to call this requirement as to the time for bringing suit a limitation, but on the contrary have applied the general rule that where a party sues under a statute he must comply with all the requirements of the statute.

In the course of the opinion in the case of *Zier v. Chesapeake Ry. Co.,* 98 Md. 35, Judge McSherry refers to the

provision under discussion as a "statute of limitations," but the question there was entirely different from the one now under consideration, and we do not think the mere designation in that opinion of the twelve months period as a statute of limitations is at all binding upon us in the present case.

For the reasons heretofore given the judgment appealed from will be affirmed.

*Judgment affirmed, with costs to the appellee.*