STATE, Use of CORINNE C. DUNNIGAN *v.* FREDERICK LEE COBOURN et al., Administrators

[No. 11, October Term, 1936.]

*Decided November 12th, 1936.*

The cause was argued before BOND, C. J., URNER, PARKE, SLOAN, MITCHELL, and JOHNSON, JJ.

*Edwin H. W. Harlan,* for the appellants.

*Daniel E. Klein* and *Robert H. Archer,* with whom were *Tydings, Sauerwein, Levy & Archer* on the brief, for the appellees.

JOHNSON, J., delivered the opinion of the Court.

This is the second time this case has come before us. In the first appeal, reported in 169 Md. 110, 179 A. 512, we dealt solely with the right of the equitable plaintiffs to exercise their constitutional right of removal, without regard to whether any issues had at that time been raised by the pleadings.

The equitable plaintiffs in the suit are the widow and surviving children, respectively, of Scott Preston Dunnigan, who it is alleged, on the 18th day of March, 1934, was a passenger in a motor vehicle owned and operated upon one of the highways of Harford County by Reese M. Bowman in a negligent, careless, and unskillful manner,

as a result of which said vehicle was caused to overturn, whereby the said Scott Preston Dunnigan was seriously injured, from which injuries he died within twelve months before the institution of the suit, his injuries allegedly having been caused solely by the negligence and want of care on the part of Bowman, without any negligence on the part of the said Dunnigan directly contributing thereto. The defendants are the administrators of the personal estate of Reese M. Bowman, and it therefore follows that Bowman, the alleged wrongdoer, departed this life before the institution of this suit, and that this action was instituted under the provisions of section 1 of article 67 of the Code of Public General Laws of Maryland, which, as amended by chapter 570 of the Acts of 1929 (section 3), extends the right of dependents to maintain suit against the personal representative of the wrongdoer, provided it be commenced within six calendar months after his death. The declaration makes no allegation as to when the death of the wrongdoer occurred, nor that this suit was instituted within six months from the date of his death, and the narrow question here presented is whether in an action of this character it is essential that such an allegation be made in the declaration.

It seems beyond dispute that the rights here asserted did not exist at common law, and that the statute which confers the right, being in derogation of the common law, must be construed strictly. 2 *Lewis' Sutherland, Statutory Construction*, sec. 632; *Demczuk v. Jenifer*, 138 Md. 488, 114 A. 471; *Allen v. Seff*, 160 Md. 240, 153 A. 54.

It is to be observed that the statute in question, in addition to giving the right of action against the wrongdoer for his wrongful act, neglect, or default, also makes the right applicable as against his executor or administrator, "provided, however, that any such action against the executor or administrator of the said person who would have been liable shall be commenced within six calendar months after the death of the said person who would have been liable." Statutes containing similar phraseol-

ogy have been considered by many authorities, and, while they may not be in entire uniformity, a vast majority unite in holding that provisos and exceptions similar to the one here used are intended to restrain the enacting clause, and that the time within which the suit must be brought operates as a limitation of the liability itself and not of the remedy alone; that it is a condition attached to the right to sue at all, the limitation of the remedy being treated as a limitation of the right; and that the provision which limits the right is to be regarded as a condition precedent. 2 *Lewis' Sutherland, Statutory Construction,* Sec. 351; Annotation 67 *A. L. R.* 1070; 17 *C. J.* p. 1935 (83); *Dowell v. Cox,* 108 Va. 460, 62 S. E. 272; *Poff v. New England Tel. & Tel. Co.,* 72 N. H., 168, 55 A. 891; *Crosby v. Boston Elev. Ry Co.,* 238 Mass. 564, 131 N. E. 206; *Bennett v. North Carolina Railroad Co.,* 159 N. C. 345, 74 S. E. 883; *George, Admr. v. Chicago, Milwaukee & St. Paul Railway Co.,* 51 Wis. 603, 8 N. W. 374; *Chandler v. Chicago & Alton R. R. Co.,* 251 Mo. 592, 600, 158 S. W. 35; *State v. Parks,* 148 Md. 477, 129 A. 793, 795, and authorities there cited.

In the *Parks* case, *supra,* this court was considering the sufficiency of a declaration filed under section 2 of article 67, which on its face showed that the husband and father of the equitable plaintiffs died almost two years before the institution of the suit. On the basis of the authorities there cited, it was held that the provision of the act requiring that the suit be brought within twelve months after the death of the deceased was a condition precedent to the right to maintain the action, and that, since the declaration upon its face disclosed the suit was not brought within this period, it was bad on demurrer. True, it did not directly hold that the declaration must allege that the suit was filed within the twelve-month period, since in that case the court found that the equitable plaintiffs, by their allegations, had definitely placed themselves beyond the statute, but it was there said: "The courts have not been astute in trying to find ways to call this requirement as to the time for bringing suit

a limitation, but on the contrary have applied the general rule that, where a party sues under a statute, he must comply with all the requirements of the statute." The rule there adopted by this court, in holding the requirement that suit be brought within twelve months after the death of the deceased person as a condition precedent to the right to maintain the action, applies with equal force in this case, respecting the requirement that the suit against the personal representative of the wrongdoer must be brought within six months.

The question as to whether a declaration, which fails to allege that the suit was brought within the statutory period, is bad on demurrer, seems to have been answered affirmatively in all cases where it has arisen in those jurisdictions which hold the view that the provision of the statute fixing the time within which the suit must be brought are conditions precedent to the right to maintain the action, and it has already been observed, by reference to the *Parks* case, *supra,* that such a proviso as to the time of bringing the suit was regarded in Maryland as a condition precedent.

In *Hartray v. Chicago Railways Co.,* 290 Ill. 85, 124 N. E. 849, 850, the statute gave a right of action to the administrator of the decedent against the wrongdoer causing his death, provided such action were commenced within one year after such death. The declaration contained no allegation that such action was commenced within the one year period, and, in considering the sufficiency of the declaration, the court held that the time fixed for commencing the action under the statute was a condition of the liability, and operated as a limitation of such liability and not of the remedy alone; that the right of action for wrongful death was wholly statutory and must be taken with all conditions imposed upon it, and the burden was upon the plaintiff to bring himself within the statutory requirement, and such a condition was attached to the right to sue at all, the court saying: "Inasmuch, therefore, as the limitation of the time in which to sue is considered not merely of the remedy, but of the

28

right of action itself, and the cause of action exists subject to the limitation, a declaration must allege or state facts showing that the action is brought within the time prescribed by the statute. *Goldstein v. Chicago City Railway Co., supra* [286 Ill. 297, 121 N. E. 726] ; *Chandler v. Chicago & Alton Railway Co.*, 251 Mo. 592, 158 S. W. 35; *Gulledge v. Seaboard Air Line*, 147 N. C., 234, 60 S. E. 1134."

Likewise the Supreme Court of Kansas, in the case of *Hamilton v. Hannibal & St. Joseph R. Co.*, 39 Kan. 56, 18 P. 57, in dealing with a Missouri statute authorizing an action to recover damages for injuries to a person resulting in death, and giving the right of action to the widow of decedent for a period of six months from the death of the decedent, following the construction placed upon the same statute by the Missouri court in *Barker v. H. & St. J. R. Co.*, 91 Mo. 86, 14 S. W. 280, held that the provision with reference to the time of bringing the suit was more than a mere limitation, but one that qualified the right of recovery, and being annexed to the right given in the statute, modified the same and formed a part of the right itself, and that, since it neither alleged nor appeared that the action was brought within the six-month period, the declaration was bad. A similar conclusion was reached by the New Jersey Supreme Court in *Lapsley, Admx. v. Public Service Corporation, etc.*, 75 N. J. Law, 266, 267, 68 A. 1113. The statute under which the declaration was filed provided that every action brought under its authority should be commenced within twelve calendar months after the death occurred, and the declaration in that case contained no allegation that the action was commenced within the twelve-month period. The court there adopted the rule that the time within which the suit was to be brought operated as a limitation of the liability itself as created, and not of the remedy alone; that it was a condition attached to the right to sue at all, and, in connection with rendering a judgment for the defendant on demurrer, used this language: "Considering the proviso as a limitation of liabil-

ity, it follows that the declaration, in order to disclose a cause of action, must set out such facts as will negative the existence of such limitation. When a statute gives a remedy under particular circumstances, the party seeking such remedy should in his pleading allege all the facts necessary to bring him within the statute."

See, also, *Seitter, Admx. v. West Jersey & Seashore R. Co.,* 79 N. J. Law, 277, 75 A. 435, in which it was expressly decided that, under a statute providing that the action should be begun within twenty-four calendar months after the death of the plaintiff's decedent, a declaration which failed to aver the commencement of the action within the period set forth in the statute was bad on demurrer.

In our judgment, the reasons upon which those decisions are based are not only reasonable but logical, and announce a proper rule of pleading under a statute by which the right to maintain the suit is dependent upon a condition precedent as to the time within which it must be instituted. The declaration in this case contains no averment that the suit was instituted within the six-month period allowed by the statute, and the demurrer thereto was properly sustained, and, the equitable plaintiffs having failed to file an amended declaration within the time allowed them, the action of the lower court in entering a judgment of *non pros.* was without error, and this judgment from which the present appeal is taken must be affirmed.

*Judgment affirmed, with costs to appellees.*