STATE of Maryland, to the use of Lillie Mae GLADDEN, individually and in her own right, as surviving widow of Thomas Gladden, Deceased, and Lillie Mae Gladden, as Mother and Next Friend of Linwood M. Gladden, Marlean C. Gladden, Barbara J. Gladden, Gwendolyn Gladden, Raymond Gladden, Reginald Gladden, Zelda Gladden, Hazela Gladden, and Adell Gladden, infants, surviving children of Thomas Gladden, deceased, and Morton Guth, Administrator of the Estate of Thomas Gladden, deceased.

v.

WEYERHAEUSER STEAMSHIP COMPANY, a body corporate.

Civ. No. 10415.

United States District Court
D. Maryland.
May 7, 1959.

Art. 67, sec. 1, Ann.Code of Md., 1957 ed., provides:

"Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would (if death had not ensued) have entitled the party injured to maintain an action and recover damages in respect thereof, the vessel or person who would have been liable if death had not ensued, or the executor or administrator of the said person who would have been liable in case of the death of the said person who would have been liable, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony and if death ensues as a result of wrongful act, neglect or default of a vessel, suit may be brought in rem against said vessel in any court of competent jurisdiction \* \* \*".

The history of the Maryland law is fully discussed by Judge Chesnut in State, to Use of Maines v. A/S Nye Kristianborg, D.C.D.Md., 84 F.Supp. 775. Aside from the provision with respect to vessels, added by amendment in 1949, the Maryland statute is similar to the New Jersey statute involved in The Tungus v. Skovgaard, 358 U.S. 588, 79 S.Ct. 503, 508, 3 L.Ed.2d 524, and United New York and New Jersey Sandy Hook Pilots Assn. v. Halecki, 358 U.S. 613, 79 S.Ct. 517, 3 L.Ed.2d 541. In Skovgaard, a suit in admiralty, a majority of the Court held that it was "incumbent upon the admiralty to enforce the New Jersey statute just 'as it would one originating in any foreign jurisdiction.' Levinson v. Deupree, 345 U.S. 648, 651, 652, 73 S.Ct. 914, 916, 97 L.Ed. 1319", and affirmed the four to three decision of the Third Circuit which had concluded that a claim for unseaworthiness is encompassed by the New Jersey Wrongful Death Act, N.J.S.A. 2A:31–

Harold Buchman, Lawrence B. Coshnear and Morton Guth, of Baltimore, Md., for plaintiffs.

Robert H. Williams, Jr., and Niles, Barton, Yost & Dankmeyer, Baltimore, Md., for defendant.

Jerome B. Monfred, Baltimore, Md., amicus curiae.

THOMSEN, Chief Judge.

The principal question raised by defendant's motion to dismiss is whether the Maryland "Lord Campbell's Act", which gives a right of action where death is caused "by wrongful act, neglect or default", encompasses a civil action for death caused by the unseaworthiness of a vessel.

1 et seq., as a matter of state law. 358 U.S. at page 595, 79 S.Ct. at page 508. The Supreme Court said: "We cannot say that its conclusion is clearly wrong. Therefore, despite the inherent uncertainties involved, we will not disturb that court's interpretation of the New Jersey law." 358 U.S. at page 596, 79 S.Ct. at page 509. In Halecki, a civil action, the Court approved the holding of the Second Circuit "that the New Jersey Wrongful Death Act incorporates liability for unseaworthiness as developed by federal law," and said: "For the reasons stated in The Tungus v. Skovgaard, 358 U.S. at page 588, 79 S.Ct. at page 503, we hold that the Court of Appeals was correct in viewing its basic task as one of interpreting the law of New Jersey." 358 U.S. at page 614, 615, 79 S.Ct. 518. It is therefore the duty of this court to interpret the law of Maryland.

There is no Maryland decision in point. In 1948 a suit in admiralty was filed in the United States District Court for the District of Maryland, claiming damages under the Maryland statute for the death of a longshoreman due to the unseaworthiness of a government vessel. The propriety of such a suit seems not to have been questioned by counsel, by Judge Chesnut at the trial, or by the Fourth Circuit on appeal. State of Maryland for Use of Johnson v. United States, 165 F.2d 911.[1]

The majority and dissenting opinions of the Third Circuit in Skovgaard v. The M/V Tungus, 252 F.2d 14, argue fully the reasons for an affirmative and a negative answer, respectively, to the question at issue in the instant case. We must note, however, two distinctions between the New Jersey law and the Maryland law.

■ 1. The New Jersey courts have held that the Wrongful Death Act of that State "is in the highest sense remedial, and is entitled to a liberal con-

struction, for its aim was to abolish a harsh and technical rule of the common law. Haggerty v. Central Railroad Co., 1865, 31 N.J.L. 349; Cibulla v. Pennsylvania-Reading Seashore Lines, 1946, 25 N.J.Misc. 98, 50 A.2d 461." Skovgaard v. The M/V Tungus, 252 F.2d at page 17. On the other hand, the Court of Appeals of Maryland has held that the Maryland "Lord Campbell's Act" is in derogation of the common law, and therefore should be strictly construed. Demczuk v. Jenifer, 138 Md. 488, 114 A. 471; State, to Use of Dunnigan v. Cobourn, 171 Md. 23, 187 A. 881, 107 A.L.R. 1045. However, in the most recent case, McKeon v. State, to Use of Conrad, 211 Md. 437, 127 A.2d 635, 638, the Maryland Court said:

"The primary and fundamental purposes in construing and interpreting a statute are to ascertain, and to carry out, the true intention of the law. The object of all rules, canons of construction and maxims is to act as aids and guides in discovering the real legislative intent. They are not completely rigid and intractable and must give way to a clear intention to the contrary.

" 'Strict construction' means that a statute is not to be construed beyond its natural meaning, In re Bragg's Estate, 106 Mont. 132, 76 P.2d 57, 63. The term is not a precise but a relative expression varying in degree according to the character of the law being construed, Cummins v. Kansas City Pub. Serv. Co., 334 Mo. 672, 66 S.W.2d 920. It is not the exact converse of liberal construction for it does not consist in giving the words of a statute the narrowest meaning of which they are susceptible, (Ibid.), and 'strict construction' is in no way violated if the words of a statute are given their full meaning, Franklin County Coal Co. v. Ames, 359 Ill. 178, 194

---

1. There was an alternative claim that the shipowner was negligent in failing to provide the decedent with a safe place to work. Judge Chesnut found that the ac-

cident was caused solely by the negligence of the stevedoring company and not by any defects which produced an unseaworthy condition.

N.E. 268. The term 'excludes mere implications, but does not require a literal and blind adhesion to mere words.' Dissenting opinion in Bowman v. Little, 101 Md. 273, 61 A. 223, 657, 1084. See, to like effect, Glickfield v. State, 203 Md. 400, 101 A.2d 229." 211 Md. at pages 443–444, 127 A.2d at page 638.

■ 2. In 1949 the Maryland legislature amended sec. 1 of Art. 67 to impose liability in rem on a vessel for a wrongful act, neglect or default which causes the death of a person under circumstances where the vessel would have been liable to the person injured if he had survived. As Judge Chesnut noted in A/S Nye Kristianborg, "The effect of the amendment is to impose liability on the ship itself for its wrongful act or default, *irrespective of fault by or of personal liabilities of the owners of the ship*". 84 F.Supp. at page 780. Although in 1852, when Maryland first adopted its "Lord Campbell's Act", the legislature could not have foreseen the development of the law of unseaworthiness, in 1949, when the Act was amended, the Supreme Court had recently decided Seas Shipping Co. v. Sieracki, 1946, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099, and the Fourth Circuit had even more recently decided the Johnson case, supra. The legislature gave no indication that it intended to limit liability of a ship under the 1949 amendment to claims based on negligence as distinguished from claims based on unseaworthiness.

■ The first cause of action set out in the complaint in the instant case alleges that plaintiff's decedent was a longshoreman engaged in loading steel plates onto defendant's vessel in the port of Baltimore; that he was injured when the starboard runner parted, causing the port boom to buckle, pinning the decedent between the boom and winch; and that his injury and death were caused by the unseaworthy condition of the vessel and her appurtenances, equipment and gear, particularly the starboard runner and port boom. For the reasons stated by

the majority of the Third Circuit in Skovgaard, the alleged failure of the defendant to provide a seaworthy ship, with appurtenant appliances and equipment, was a "wrongful act, neglect or default" within the meaning of the Maryland statute.

This conclusion is supported by the fact that the Death on the High Seas Act, 46 U.S.C.A. § 761 et seq., which must have contemplated recovery for unseaworthiness, uses the identical essential language, "wrongful act, neglect or default". See McLaughlin v. Blidberg Rothschild Co., D.C.S.D.N.Y., 167 F. Supp. 714, Bicks, J.

■ The second cause of action alleges that the injuries to and death of plaintiff's decedent were caused by the negligence of the defendant, its agents, servants and employees, in several specified particulars, including failure to furnish the decedent with a reasonably safe place in which to work, failure to inspect the starboard runner and port boom, or, having determined the existence of its unseaworthy, faulty, defective and weak condition, failure to rectify or correct the same. Despite the use of the word "unseaworthy" in association with other adjectives, it is clear that the second count is based on negligence. Defendant's contention that the second cause of action is not maintainable under Art. 67, sec. 1 of the Maryland Code is frivolous.

■ The third cause of action, brought in the name of decedent's administrator, alleges the same unseaworthiness that is alleged in the first cause of action, and claims damages for conscious pain and suffering and funeral expenses under Art. 93, sec. 112 of the Maryland Code. That section provides: "Executors and administrators shall have full power to commence and prosecute any personal action whatever, at law or in equity, which the testator or intestate might have commenced and prosecuted, except actions of slander, * * *." Defendant has submitted no reason or authority for its contention

that the third cause of action cannot be maintained under Art. 93, sec. 112. Without question, the action is one which the decedent might have commenced and prosecuted.

The fourth cause of action, brought by the administrator under Art. 93, sec. 112, is based on the same allegations of negligence as the second cause of action. *A fortiori*, the objection to the fourth cause of action is without merit.

Defendant's motion to dismiss is denied.