Meredith Herrick WEINGART, Surviving widow of William Weingart, deceased, to her own Use and to the Use of her minor children

v.

Peter D. WARD, Administrator, Estate of Frank W. Clendening.

Civ. No. 16955.

United States District Court
D. Maryland.

June 3, 1966.

---

John J. O'Connor, Jr., Charles L. Carter, Jr., and O'Connor & Preston, Baltimore, Md., for plaintiff.

John K. Barbour, Jr., Baltimore, Md., and John M. McInerney, of Bethesda, Md., for defendant.

THOMSEN, Chief Judge.

In the motion to dismiss this diversity action brought under the provisions of Article 67 of the Annotated Code of Maryland, 1957 ed. (the Maryland Lord Campbell's Act), against a Maryland administrator of the estate of Frank W. Clendening, deceased, counsel for defendant relies on two propositions: that the action is barred because it was not brought within six months after the appointment of an administrator in Henderson County, Kentucky, where Frank Clendening resided; and that the Maryland administrator was not properly appointed. Both positions are well taken.

Article 67, section 1 of the Maryland Code, which creates a right of action for negligence causing death, which did not theretofore exist in the State of Maryland, contains the following pertinent provision:

> "* * * provided, however, that any such action against the executor or administrator of the said person who would have been liable shall be commenced within six calendar months after the date of the qualification of the executor or administrator of the said person who would have been liable."

Any action under Article 67 must be brought within two years after the death of plaintiff's decedent. See Article 67, section 4, 1965 Cum.Supp.

■ Failure to bring an action within the times specified by Article 67, section 1 and section 4, or to allege that the action is timely brought, may be raised by demurrer to the declaration in a state court or by motion to dismiss the complaint in this court.[1] State, Use of Stasciewicz v. Parks, 148 Md. 477, 129 A. 793 (1925); State, Use of Dunnigan v. Cobourn, 171 Md. 23, 187 A. 881, 107 A.L.R. 1045 (1936); Chandlee v. Shockley, 219 Md. 493, 150 A.2d 438 (1959).

On or about December 24, 1963, William Weingart, of New York, was riding in an automobile which Frank Clendening was driving and which collided with a Pennsylvania Railroad locomotive in Prince George's County, Maryland. Both Weingart and Clendening were killed.

On January 21, 1964, Margaret Joyce Clendening was appointed and qualified as administratrix of her deceased husband's estate by the Henderson County Court. No action against her to recover for Weingart's death has ever been filed in Kentucky or in Maryland. On December 23, 1965, on the petition of Peter D. Ward, a member of the firm of attorneys representing the plaintiff herein, letters of administration on the estate of Frank Clendening were granted to Ward by the Orphans' Court of Prince George's County, Maryland. Ward's petition had stated that Clendening, late of Henderson County, Kentucky, died in Prince George's County intestate on December 24, 1963; that he left no real property, personal property or debts, to the best of petitioner's knowledge; and that letters were "requested for the purpose of litigation only". The present action against Ward as such administrator was filed the same day.

■ One of the points made by counsel for defendant is that since plaintiff is a non-resident, she was not entitled to cause an administrator to be appointed in Maryland for the sole purpose of obtaining service in this action. Article 93, section 34 of the Maryland Code,[2] permits a creditor to apply for letters under certain circumstances, and there is no reason why a non-resident creditor cannot apply as well as a resident creditor, if a creditor is entitled to have letters granted. In this case, however, neither a creditor nor anyone else was entitled to have an administrator appointed for Clendening in Prince George's County, because he left no personal estate in Maryland. See Article 93, section 18 of the Code, which provides:

"Whenever any person shall die intestate, leaving in this State personal estate, letters of administration may forthwith be granted by the orphans' court of the county wherein was the party's mansion house or residence; or in case he had no mansion or residence within the State, letters shall be granted in the county where the party died * * *."

See also Grimes v. Talbert, 14 Md. 169, 172 (1859).

■ An administrator cannot be appointed under the Maryland law for the sole purpose of being sued here. Any other rule would be most unfair to the family of a decedent and to the administrator appointed in the state where the decedent resided, since it would require his widow, his personal representative or his estate to defend suits wherever a cred-

1. Various claimed defects in the complaint and the motion to dismiss were corrected at the hearing on February 16, 1966, and copies of the orders appointing the Kentucky administratrix and the Maryland administrator for Clendening's estate were filed. To the extent that these papers were not adequately shown by the pleadings, the motion to dismiss may be considered a motion for summary judgment.

2. Article 93, section 34, which follows a series of sections specifying the order of priority among "relations" in the appointment of administrators, provides:
"If there be no relations administration shall be granted to the largest creditor applying for the same."

itor lived or did business, or wherever the decedent happened to die. A theoretically possible claim by Clendening's estate against the Pennsylvania Railroad cannot be considered personal property of Clendening in the State of Maryland, which was not his residence nor the state in which the Railroad was incorporated or has its principal office. Moreover, neither Clendening's widow, who is also his Kentucky administratrix, nor Ward, his Maryland administrator, has ever filed suit against the Railroad. Neither Ward nor the plaintiff can claim that that was the purpose for which Ward was appointed.

 An Orphans' Court in Maryland is required to determine the residence of the deceased, and its decision on that point cannot be questioned in collateral proceedings. Whiting v. Shipley, 127 Md. 113, 96 A. 285 (1915). But its decision cannot be conclusive on questions which would raise serious problems under the doctrine of International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and similar cases.

The present action in this Court against Ward as administrator of Clendening was filed on the same day Ward was appointed by the Orphans' Court, and within two years after the death of plaintiff's decedent. But it was not filed within six months after Clendening's widow was appointed his administratrix in the state and county of his residence. This action could have been filed against her there within six months after her appointment; and probably also in Maryland, since Article 66½, section 115(f) of the Maryland Code provides for service of process against a foreign executor or administrator in such a case as this. There is no reason why the six month limitation in the Maryland statute (Article 67, section 1, quoted above) should not be applied. No case precisely in point has been cited or found. But to permit a suit by a Maryland resident or a New York resident against an administrator appointed in Maryland or New York or elsewhere more than six months after the domiciliary administrator was appointed would frustrate the purpose as well as the letter of the Maryland statute.[3]

This action must therefore be dismissed. The Court will enter an appropriate order.

---

3. No doubt there is some insurance in this case; but the amount claimed in the complaint is $250,000; a judgment might well run over the limits of any insurance policy and cause serious loss to the estate of the decedent in this or any other similar case.