669 A.2d 771

Frances R. HAYES

v.

You S. WANG.

**No. 669 Sept. Term, 1995.**

Court of Special Appeals of Maryland.

Jan. 3, 1996.

William M. Burgess (George F. Zverina, on the brief), LaPlata, for Appellant.

Patrick L. Jones (Jodi L. Siff, on the brief), Lanham, for Appellee.

Argued before WENNER and SALMON, JJ., and JOHN J. GARRITY, J. (Retired Specially Assigned).

GARRITY, Judge.

In this matter, we shall examine the length of time allowed a workers' compensation claimant to initiate an action against a third party who, purportedly, was responsible for the injuries sustained by the employee. In doing so, we shall consider section 9–902(d) of Ann.Code of Md., Labor and Employment Article.

## FACTUAL BACKGROUND

The appellant, Frances R. Hayes, and the appellee, You S. Wang, were operators of motor vehicles involved in an accident on June 27, 1991, in Prince George's County. As a result of the accident and the alleged negligence of Mr. Wang, Ms. Hayes sustained property damage and personal injury. Ms. Hayes, who was operating her motor vehicle within the scope of her employment with Safeway Stores, Inc. at the time of the accident, filed a workers' compensation claim on July 19, 1991. She received her first award on November 4, 1991. Ms. Hayes filed a complaint, sounding in negligence, against Mr. Wang on August 19, 1994 in the Circuit Court for Prince George's County. As the dates indicate, the complaint was filed three years and fifty-three (53) days from the date of the accident.

In response to the complaint, Mr. Wang filed a Motion to Dismiss based on the general three-year statute of limitations period. Upon hearing, the Circuit Court for Prince George's County granted the motion.

## DISCUSSION OF LAW

As an exception to the general three-year statute of limitations involving a tort complaint, pursuant to Ann.Code of Md.,

Courts and Judicial Proceedings Article § 5–101, the Legislature provided an extended period of time within which an injured employee, who has filed for an award of compensation, may file a complaint against a third party responsible for such injury. The statute, Md.Code (1991 Repl.Vol.), § 9–902(d) of the Labor and Employment Article, adds a two month tolling period to the general three year statutory limit. As enacted in 1991, the statute states:

> The period of limitations for the right of action of a covered employee or the dependents of the covered employee against the third party does not begin to run until two months after the first award of compensation made to the covered employee or the dependents under this title.[1]

In interpreting the intent and meaning of § 9–902(d), through its predecessor, Article 101, § 58, as applied to third party claims, the Court of Appeals defined its scope in *Smith v. Bethlehem Steel Corp.*, 303 Md. 213, 492 A.2d 1286 (1985).

The plaintiff in *Smith*, who had discovered on March 12, 1979 that he had asbestosis, attempted to amend his complaint on November 30, 1983 to join three additional defendants. Unlike the matter *sub judice*, he had filed his civil complaint prior to receiving a workers' compensation award. The three added defendants contended that the three-year statute of limitations had run on plaintiff's personal injury claim against them. In opposition, plaintiff argued that section 58 literally provided that the three-year period did "not begin to run until two months after the first award of compensation."

Rather than adopt the literal meaning of section 58, the Court chose a less disruptive construction in order to avoid "so

---

1. Section 9–902(d), without substantive changes, replaced Md.Code (1957, 1985 Repl.Vol.), Art. 101, § 58. The second paragraph of article 101, § 58 provided:

   When any employee has a right of action under this section against a third party, the period of limitations for such action, as to such employee, shall not begin to run until two months after the first award of compensation made to such employee under this article, and this section shall apply to past and future rights of action under this section.

great a fragmentation of third party actions." *Id.* at 228, 492 A.2d 1286. Speaking on behalf of the Court, Judge Rodowsky explained:

> We therefore construe the second paragraph to effect, 'as to such employee,' a tolling of the otherwise applicable statute of limitations during the two months after award when the employee is excluded from instituting a third-party action. Thus 'the period of limitations for such action, as to such employee, shall not [resume or] begin to run [again] until two months after the first award of compensation made to such employee under this article. . . .'

*Id.* at 229, 492 A.2d 1286.

Additionally, *Smith* observed that ". . . if no third party action is brought until an award of compensation, the priorities regarding subrogation created by section 58 mean that the right of action given by the section to the employer or insurer should be exclusive for two months after the award of the [Commission], and that subsequently it should be concurrent with the similar right conferred upon the injured employee or his dependents." *Id.* at 222, 492 A.2d 1286.

As explained by Judge Karwacki in *Anne Arundel County v. McCormick,* 323 Md. 688, 693, 594 A.2d 1138 (1991):

> [I]t is well settled that this statute does not create a cause of action in the employer but rather subrogates it to the claim of its injured employee against the responsible third party. *Smith v. Bethlehem Steel Corp.,* 303 Md. 213, 222, 492 A.2d 1286, 1290 (1985); *Johnson v. Miles,* 188 Md. 455, 460, 53 A.2d 30, 32 (1947); *Baltimore Transit Co. v. State,* 183 Md. 674, 678, 39 A.2d 858, 860 (1944); *Railway Co. v. Assurance Corp.,* 163 Md. 97, 102, 161 A. 5, 7 (1932).

As pointed out by Ms. Hayes, the most potent case law in support of her argument is the decision by the United States District Court of Maryland in *Knauer v. Johns–Manville Corp.* 638 Fed.Supp. 1369 (D. Md.1986). In that case, while acknowledging the guidelines and rationale set out in *Smith,* the Court distinctly reaffirmed that section 58 provided for a two month tolling period. While doing so, the Court identified

the requirement that the third party claim must be filed subsequent to a workers' compensation claim. Unfortunately, Mr. Knauer had filed a civil suit prior to the filing of the workers' compensation claim and thus was not afforded the tolling period provided by section 58. The Court, in expressly following the teachings of *Smith,* opined:

> If, however, neither George Knauer, prior to his death, nor anyone after his death, had instituted a case in this Court, seeking recovery against non-employers of George Knauer for injuries suffered by exposure to asbestos, prior to filing workers' compensation claim, a different question would have been presented herein. Seemingly, under such a circumstance, the rational of the majority opinion in *Smith* would have caused the two-months section 58 tolling sought by plaintiff herein, and would have resulted in extending the key date of May 1, 1985 (i.e. the third anniversary of George Knauer's death) until July 1, 1985, well after Ann Knauer filed, on May 6, 1985, her motion to assert a wrongful death claim.

*Id.* at 1386.

Ms. Hayes complaint was filed on August 19, 1994, within three years and two months from the date of the accident. Based on the construction by the Court of Appeals in *Smith* of the predecessor statute that contained substantively similar language to that in Labor and Employment Article § 9–902(d), we hold that Ms. Hayes timely filed her complaint against Mr. Wang.

JUDGMENT REVERSED.

CASE REMANDED TO CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY FOR FURTHER PROCEEDINGS.

COSTS TO BE PAID BY APPELLEE.